UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **LOREN WARREN, AS ADMINISTRATOR OF THE ESTATE OF RONNIE WARREN,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **ALABAMA DEPARTMENT OF TRANSPORTATION, et al.,** | ) ) ) ) |
| **Defendants.** | ) |

Case No. 4:10-cv-02435-RDP

## MEMORANDUM OPINION

On October 10, 2012, the Magistrate Judge's Report and Recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. On October 26, 2012, after obtaining an extension of time, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Defendants filed a response to Plaintiff's objections on November 6, 2012.

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, Plaintiff's objections and Defendants' response to the objections, the court hereby **ADOPTS** the report of the Magistrate Judge. The court further **ACCEPTS** the recommendations of the Magistrate Judge that the motion to dismiss filed by Defendants be granted and this action dismissed with prejudice.

The Magistrate Judge's opinion is well reasoned and reaches the correct result. The court notes the following in adopting it.

Ronnie Warren died in January 2010. After his death, on August 8, 2010, he received a Notice of Right to Sue from the EEOC. The complaint in this action was filed on September 9, 2010 by the "Estate of Ronnie Warren."

In his Report & Recommendation, Magistrate Judge Davis relied on Alabama Code § 43-2-833(c) for the proposition that "only the decedent's personal representative has specific authority to file and prosecute lawsuits on behalf of a decedent's estate." That is, a claim survives only in favor of the decedent's personal representative, and no one else. Here, an administrator was not appointed to administer the estate until February 18, 2011. No efforts were made to appoint an administrator ad litem within the period of the statute of limitations.

Judge Davis considered the application of Federal Rule of Civil Procedure 25 and found that rule only permits relation back when the death is after the action has commenced. Plaintiffs argue that Loren Warren has been duly appointed as the legal representative of the Estate. Loren Warren has from its inception been the person who filed and prosecuted the suit. Plaintiffs argue that Judge Davis failed to consider the effect of Alabama Code § 43-2-831, which states that "the powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. Prior to appointment, a person named personal representative in a will may carry out written instructions of

2

the decedent . . . [and] may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative."[1]  Plaintiff's argument is off the mark.

Here, although the Estate purports to have filed suit, that entity did not exist at the time the suit was filed. In fact, the Estate could not bring the suit, as it was not a legal entity capable of bringing suit. *In re Eldridge*, 348 B.R. 834 (Bkrptcy. N. D. Ala. 2006). Nothing at all was filed in probate court at the time the suit was filed (and Loren Warren did not seek to be the Estate's personal representative for more than five months after the lawsuit in this court had been filed).  Had the suit been brought in the name of the Administrator of the Estate of Ronnie Warren, in that event the administrator could have sought to be named once the appointment was accomplished by the probate court.

The bottom line is this: substitution and relation back concepts are not relevant to a suit that was a nullity in the first place.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

---

[1] The court's research has only uncovered three cases which discuss this statute cited by Plaintiff. *Ogle v. Gordon*, 706 So. 2d 707 (Ala. 1997), is distinguishable because the decedent's husband filed for letters of administration on the same day he filed the lawsuit. *Wood v. Wayman,* 47 So. 2d 1212 (Ala. 2010) is on point because as the Alabama Supreme Court determined Wayman was not a personal representative appointed by the probate court when she filed the action or at the expiration of the statutory two-year period for filing a wrongful death action, the trial court erred in denying the motion to dismiss the action.  In *Joe v. Joe*, 891 So. 2d 879 (Ala. 2004), the attorney for a wife filed a writ of garnishment before the wife passed away, and was thereafter appointed administrator of the estate. None of these cases counsel against Judge Davis' recommendation.

**DONE** and **ORDERED** this ___27th___ day of September, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE